**LITTLER MENDELSON, P.C.**
A Professional Corporation
One Newark Center, 8th Floor
Newark, NJ 07102
973.848.4700
Attorneys for Defendants
  *The Gap, Inc., Banana Republic, LLC,*
  *and Jill Matejunas*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DESTINY TOMPKINS,<br><br>Plaintiff,<br><br>vs.<br><br>THE GAP, INC., BANANA REPUBLIC, LLC, JILL MATEJUNAS & MICHAEL GENNIS,<br><br>Defendants. | Civil Action No. 1:17-cv-09759-JMF<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**Electronically Filed** |

Defendants The Gap, Inc. ("Gap"), Banana Republic, LLC ("Banana Republic"), and Jill Matejunas ("Ms. Matejunas") (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., for their Answer to the Complaint of Plaintiff Destiny Tompkins ("Plaintiff") hereby states:

**AS TO THE SUMMARY**

1.  Defendants admit the allegations in paragraph 1 of the Complaint.

2.  Except to admit that Plaintiff was hired by Banana Republic on or about September 6, 2017 to work as a Sales Associate at its store located at the Westchester Mall in White Plains, New York (the "Store'), Defendants deny the allegations contained in the first sentence of paragraph 2 of the Complaint. The allegations contained in the second sentence of paragraph 2 of the Complaint are too vague to be capable of response. To the extent a response is

required, Defendants knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 2 of the Complaint and, therefore, deny the same.

3. Except to admit that Michael Gennis ("Mr. Gennis") was the Store Manager and to aver that Ms. Matejunas visited the store on October 4, 2017 , Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and, therefore, deny the same.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 refer to a social media post, the contents of which speak for itself. To the extent a response is required, except to admit that Plaintiff posted on social media, Defendants deny the allegations in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 refer to a document, the contents of which speak for itself. To the extent a response is required, Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Except to admit that Banana Republic terminated Mr. Gennis's employment, Defendants deny the allegations in paragraph 10 of the Complaint.

11. Except to admit that Banana Republic terminated Mr. Gennis's employment, Defendants deny the allegations in paragraph 10 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint refer to a posting on a website, the contents of which speak for itself. To the extent a response is required, Defendants deny the remainder of the allegations in paragraph 13 of the Complaint.

14. The allegations set forth in paragraph 14 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 14 of the Complaint. Defendants further deny that Plaintiff is entitled to any relief requested in paragraph 14 of the Complaint.

## AS TO JURISDICTION AND VENUE

15. The allegations set forth in paragraph 15 of the Complaint state a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. The allegations set forth in paragraph 16 of the Complaint state a legal conclusion as to which no response is required. To the extent a response is required, except to aver that Defendants Gap and Banana Republic conduct and transact business within the State of New York, Defendants deny the allegations in paragraph 16 of the Complaint.

17. The allegations set forth in paragraph 17 of the Complaint state a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and, therefore, deny the same.

## AS TO THE PARTIES

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint concerning where Plaintiff resides and admit the remaining allegations in paragraph 19 of the Complaint.

20. The allegations set forth in paragraph 20 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, except to admit that Plaintiff met the definition of employee under the New York State Human Rights Law ("NYSHRL") and 42 U.S.C. § 1981, Defendants deny the allegations in paragraph 20 of the Complaint.

21. The allegations set forth in paragraph 21 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants admit the allegations in paragraph 21 of the Complaint.

22. The allegations set forth in paragraph 22 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants admit the allegations in paragraph 25 of the Complaint.

26. The allegations set forth in paragraph 26 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, except to admit that Gap meets the definition of an employer under the NYSHRL and 42 U.S.C. § 1981, Defendants deny the allegations in paragraph 20 of the Complaint.

27. The allegations set forth in paragraph 27 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, except to admit that Banana Republic meets the definition of an employer under the NYSHRL and 42 U.S.C. § 1981, Defendants deny the allegations in paragraph 20 of the Complaint.

28. Defendants admit the allegations in paragraph 28 of the Complaint.

29. The allegations set forth in paragraph 29 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 20 of the Complaint.

30. Upon information and belief, Defendants admit the allegations in paragraph 30 of the Complaint.

31. The allegations set forth in paragraph 31 the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, except to admit that Gennis functioned in a supervisory capacity towards Plaintiff, Defendants deny the allegations in paragraph 20 of the Complaint.

## AS TO FACTUAL BACKGROUND

**A.  As to Sub-Section A**

32. Except to aver that Gennis was employed by Banana Republic as the Store Manager of the Store from August 27, 2017 through October 9, 2017, Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants admit the allegations in paragraph 34 of the Complaint.

35. Except to aver that Plaintiff was hired by Banana Republic on or about September 6, 2017 to work as a Sales Associate at the Store, and to deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to Plaintiff's hairstyle at the time of her hire, Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

**B.     As to sub-section B**

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

**C.     As to sub-section C**

48.     Except to admit that Plaintiff worked at the Store with her hair braded, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint and, therefore, deny the same.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint and, therefore, deny the same.

50.     Except to aver that Ms. Matejunas visited the Store on October 4, 2017, Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint and, therefore, deny the same.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55. Except to aver that Plaintiff told Gennis that the braids protect her hair from becoming dry and brittle, Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint concerning Plaintiff's feelings and, therefore deny the same. Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

**D.  As to sub-section D**

67. The allegations contained in paragraph 67 refer to a social media posting, the contents of which speak for itself. To the extent a response is required, except to admit that Plaintiff posted on Facebook on October 4, 2017, Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the characterizations as to the "public response" to Plaintiff's Facebook posting, and deny knowledge or information sufficient to form a belief as to the truth or

falsity of Plaintiff's allegations in paragraph 68 of the Complaint concerning the "public response. Defendants deny the remaining allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. The allegations contained in paragraph 71 refer to a written statement, the contents of which speak for itself. To the extent a response is required, Defendants admits it issued the statement referenced in paragraph 71 of the Complaint.

72. Except to admit that Gennis's employment was terminated, Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Except to aver that Banana Republic's investigation revealed that no disciplinary action Ms. Matejunas was warranted, and that the Banana Republic already had in place an Employee Appearance policy that did not require updating, Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

76. Defendants repeat and reaffirm their responses to paragraphs 1 through 75 of the Complaint as if set forth at length herein.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint and deny that Plaintiff is entitled to any relief requested in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 84 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

85. Defendants repeat and reaffirm their responses to paragraphs 1 through 84 of the Complaint as if set forth at length herein.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint and deny that Plaintiff is entitled to any relief as described in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 90 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

91. Defendants repeat and reaffirm their responses to paragraphs 1 through 90 of the Complaint as if set forth at length herein.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. The allegations set forth in paragraph 93 the Complaint cite to a statutory provision and, therefore, no response is required.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint and deny that Plaintiff is entitled to any relief as described in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 100 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

101. Defendants repeat and reaffirm their responses to paragraphs 1 through 100 of the Complaint as if set forth at length herein.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint and deny that Plaintiff is entitled to any relief as described in paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 106 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

107. Defendants repeat and reaffirm their responses to paragraphs 1 through 107 of the Complaint as if set forth at length herein.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint and deny that Plaintiff is entitled to any relief as described in paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in paragraph 113 of the Complaint.

114. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 114 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

115. Defendants repeat and reaffirm their responses to paragraphs 1 through 114 of the Complaint as if set forth at length herein.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint and deny that Plaintiff is entitled to any relief as described in paragraph 120 of the Complaint.

121. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 121 of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

122. Defendants repeat and reaffirm their responses to paragraphs 1 through 121 of the Complaint as if set forth at length herein.

123. The allegations set forth in paragraph 123 of the Complaint state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint and deny that Plaintiff is entitled to any relief as described in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 126 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendants repeat and reaffirm their responses to paragraphs 1 through 126 of the Complaint as if set forth at length herein.

Defendants deny that Plaintiff is entitled to the relief described in the "PRAYER FOR RELIEF" section of Plaintiff's Complaint, inclusive of paragraphs A through D, and further denies that Plaintiff is entitled to any relief whatsoever against Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages may be granted and Defendants' good-faith efforts to prevent discrimination and retaliation bars an award of such damages.

### THIRD DEFENSE

The Complaint fails to state a claim upon which an award compensatory damages may be granted.

### FOURTH DEFENSE

The Complaint failed to state a claim upon which an award of attorneys' fees may be granted.

## FIFTH DEFENSE

Plaintiff's claims, or the damages she may recover, are barred or at least reduced by her failure to mitigate her alleged damages.

## SIXTH DEFENSE

Plaintiff's claims are barred because Defendants established, implemented, applied, and disseminated effective equal employment opportunity, non-discrimination, and anti-harassment policies and procedures that expressly barred discrimination or harassment of the kind alleged by Plaintiff and because Defendants complied with those policies and procedures for the prevention and detection of unlawful discrimination and harassment.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Defendants exercised reasonable care to prevent and promptly correct any discriminatory, harassing or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, unclean hands, and/or the after acquired evidence doctrine.

## NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff was not subjected to any adverse employment action and any and all employment decisions regarding Plaintiff were made because of legitimate, nondiscriminatory and non-retaliatory factors.

## TENTH DEFENSE

Plaintiff's damages, if any, are wholly attributable to the wrongful acts, omissions, bad faith or conduct of Plaintiff.

### ELEVENTH DEFENSE

Plaintiff's damages, if any, are wholly attributable to acts of those other than Defendants or by acts for which Defendants are not responsible.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and with reasonable cause based on the then existing circumstances.

### THIRTEENTH DEFENSE

To the extent Plaintiff alleges claims for negligence or for physical or mental and emotional distress, including claims for the recovery of any medical expenses incurred thereby, such claims are barred by the exclusive remedy provision of the New York Workers' Compensation Law.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff was an at-will employee and therefore, Defendants could terminate or change the conditions of her employment at any time, with or without cause or prior notice.

### FIFTEETH DEFENSE

Defendants were not the proximate or actual cause of the damages alleged by Plaintiff.

### SIXTEETH DEFENSE

Defendants reserve the right to assert any and all other defenses that may become evident during the course of this litigation.

WHEREFORE, Defendants demand judgment dismissing the Complaint and awarding Defendants costs and disbursements, including reasonable attorneys' fees, and such other, further and different relief as the Court may deem just and proper.

## DESIGNATION OF TRIAL COUNSEL

Stacey D. Adams, Esq. and Dylan C. Dindial, Esq. are hereby designated as trial counsel.

## CERTIFICATION UNDER L. Civ. R. 11.2

The undersigned counsel for Defendants certifies that to the best of her knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

        **LITTLER MENDELSON, P.C.**
        *Attorneys for Defendants The Gap, Inc., Banana Republic, LLC and Jill Matejunas*

        By: _s/ Stacey D. Adams_
            Stacey D. Adams

Dated: December 20, 2017